UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FREDDIE JACKSON

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND
CORRECTIONS, ET AL.

CIVIL ACTION

NO. 15-490-JJB-RLB

## RULING

This matter is before the Court on a Motion to Dismiss (Doc. 6) brought by the defendants, Louisiana Department of Public Safety and Corrections and the Louisiana Correctional Institute for Women ("defendants" or "the State"). The plaintiff, Freddie Jackson, filed an opposition (Doc. 10) and the defendants filed a reply brief (Doc. 13). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the defendants' Motion to Dismiss (Doc. 6) is **DENIED**.

**I.   BACKGROUND**

The plaintiff filed suit in state court alleging that he was discriminated against because of his age and race in violation of Louisiana law, and discriminated against because of his race in violation of Title VII of the Civil Rights Acts of 1964. *Pet. for Damages* 1, Doc. 1-1. On July 27, 2015, the defendants removed the suit to federal court. *Notice of Removal*, Doc. 1. Subsequent to removal, the plaintiff amended his complaint to allege a claim under the self-care provision of the Family and Medical Leave Act ("FMLA"). *See First Am. Compl.* ¶ 10, Doc. 5. The defendants now bring this motion, requesting dismissal of the plaintiff's FMLA claim for lack of subject matter jurisdiction.

1

**II.   DISCUSSION**

According to the defendants, they are entitled to Eleventh Amendment sovereign immunity as an arm of the state of Louisiana. *See Defs.' Supp. Mem.*, Doc. 6-1. The defendants also assert that removing the action to federal court did not waive the State's Eleventh Amendment immunity on the plaintiff's FMLA claim because that claim was added post-removal. *Defs.' Reply*, Doc. 13. The plaintiff contends, among other things, that the defendants are not entitled to Eleventh Amendment immunity for the following reasons: (1) Congress abrogated the state's sovereign immunity under the FMLA;[1] and (2) the defendants waived sovereign immunity by removing the case to federal court. *Pl.'s Opp'n* 1, Doc. 10.

The Eleventh Amendment bars an individual from suing a state, including a state agency or an arm of the state, in federal court unless Congress clearly and validly abrogates the state's sovereign immunity or the state consents to suit. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Congress has not abrogated a state's immunity under the FMLA's self-care provision,[2] and thus, the plaintiff's argument to the contrary is without merit. However, a state can still be susceptible to suit under this provision if it waives its Eleventh Amendment immunity.

Generally, "[a] State waives its Eleventh Amendment immunity when it removes a case from state court to federal court." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 613 (2002). However, the Supreme Court's decision in *Lapides* was explicitly "limited to the

---

[1] The plaintiff also argues that the Louisiana Department of Public Safety and Corrections waived its Eleventh Amendment immunity by accepting federal funding. *Pl.'s Opp'n* 1, Doc. 10. Because the Court finds that the state waived its immunity by voluntarily removing the case to federal court, the Court does not address the plaintiff's alternative argument for waiver.

[2] Congress has validly abrogated the state's sovereign immunity under the FMLA's *family-care* provision, but not under its *self-care* provision. *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015) (citing *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 735 (2003) (family-care provision); *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 321 (5th Cir. 2008) (self-care provision)); *see Coleman v. Court of Appeals of Md.*, 132 S. Ct. 1327, 1334 (2012) (holding that Congress did not validly abrogate Eleventh Amendment immunity under the self-care provision). Therefore, "states may still assert an Eleventh Amendment immunity defense against claims based on [the self-care] provision." *Bryant*, 781 F.3d at 769.

2

context of state-law claims where the State has waived immunity from state-court proceedings." *Id.* The Circuit Courts have since struggled to determine the parameters of the waiver-by-removal rule. *See, e.g.*, *Stroud v. McIntosh*, 722 F.3d 1294, 1300 (11th Cir. 2013) ("The contrast between *Lapides*'s narrow holding and its broad reasoning has sparked a debate in other circuits."); *Embury v. King*, 361 F.3d 562 (9th Cir. 2004) (holding that *Lapides* applies to both state and federal claims). At issue here is whether the waiver-by-removal rule should extend to claims added after removal. The Ninth and Eleventh Circuits have answered this question in the affirmative. *Embury v. King*, 361 F.3d 562, 564 (9th Cir. 2004) ("We conclude that the rule in *Lapides* applies . . . to claims asserted after removal as well as to those asserted before removal."); *Stroud v. McIntosh*, 722 F.3d 1294, 1302 (11th Cir. 2013) ("That [the plaintiff] added the ADEA claim only after the case was removed does not change the result."). These Circuits focused on the principle that removal invokes federal court jurisdiction "over the entire *case*—not simply those claims that the complaint alleged at the time of removal." *Stroud*, 722 F.3d at 1302; *Embury*, 361 F.3d at 564–65 ("As for the timing of the claims, the State removed *the case, not the claims*, and like all cases in federal court, it became subject to liberal amendment of the complaint." (emphasis added)).

Although the Fifth Circuit has not explicitly addressed this issue, it has implicitly demonstrated support for the proposition that the waiver-by-removal rule applies to post-removal claims. *See Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 247 (5th Cir. 2005). In *Meyers*, the Fifth Circuit held that the *Lapides* rule was not limited only to state-law claims, but applied equally to federal-law claims. *Id.* at 242–43. In doing so, it cited to the Ninth Circuit's decision in *Embury*, including a parenthetical with the following quote: "Nothing in the reasoning of *Lapides* supports *limiting the waiver to the claims asserted in the original complaint*, or to state law claims only." *Id.* at 247 (emphasis added). This Court agrees with the rationale of the Ninth and Eleventh Circuits

3

and believes that removal is case based, not claim based. Thus, if a state makes the tactical decision to invoke the federal court's jurisdiction, then it does so at the risk of the plaintiff taking advantage of the federal court's liberal rules on amending complaints. *See* Fed. R. Civ. P. 15(a)(2) (allowing parties in civil cases to amend pleadings "with the opposing party's written consent or the court's leave"). Therefore, the Court holds that a state's removal to federal court waives sovereign immunity as to the entire case, which includes those claims added after removal.

In this case, the state court petition alleges violations of La. R.S. 23:312, La. R.S. 23:332, and Title VII of the Civil Rights Act of 1964. *Pet. for Damages* 1, Doc. 1-1. After the defendants removed the case to federal court, the plaintiff amended his complaint to include an allegation of retaliation under the self-care provision of the FMLA. *First Am. Compl.* ¶ 10, Doc. 5 (alleging retaliation for taking FMLA leave in 2014); *2014 FMLA Docs.*, Doc. 6-2 (demonstrating that the plaintiff's 2014 FMLA leave was due to his own health condition, and not for care of a family member). Therefore, the State waived its Eleventh Amendment immunity for all claims arising out of this case, regardless of when they were asserted.

### III.   CONCLUSION

For the reasons stated above, the defendants' Motion to Dismiss (Doc. 6) is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 4, 2016.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

4