UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FREDDIE JACKSON

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND
CORRECTIONS, ET AL.

CIVIL ACTION

NO. 15-490-JJB-RLB

## RULING

This matter is before the Court on a Motion for Leave to Appeal an Interlocutory Order (Doc. 15) brought by the defendants, the Louisiana Department of Public Safety and Corrections and the Louisiana Correctional Institute for Women. The plaintiff, Freddie Jackson, filed an opposition (Doc. 17) and the defendants filed a reply brief (Doc. 20). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

The plaintiff filed suit in state court alleging that he was discriminated against because of his age and race in violation of Louisiana law, and discriminated against because of his race in violation of Title VII of the Civil Rights Act of 1964. *Pet. for Damages* 1, Doc. 1-1. On July 27, 2015, the defendants removed the suit to federal court. *Notice of Removal*, Doc. 1. Subsequent to removal, the plaintiff amended his complaint to allege a claim under the self-care provision of the Family and Medical Leave Act ("FMLA"). *See First Am. Compl.* ¶ 10, Doc. 5. On February 5, 2016, this Court issued its ruling denying the defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 14). The defendants now bring the pending motion (Doc. 15), asking this Court to certify its prior ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

To certify a ruling for interlocutory appeal, "the Court must find that the interlocutory decision (1) involves a controlling question of law as to which (2) there is a substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the

ultimate termination of the litigation." *La. Generating, L.L.C. v. Ill. Union Ins. Co.*, Civil Action Nos. 10-516-JJB-SCR, 10-835-JJB-DLD, 2012 WL 1752685, at *1 (M.D. La. May 16, 2012) (citing 28 U.S.C. § 1292(b)). The Fifth Circuit strictly construes the requirements of Section 1292(b). *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972). "[R]esolution of an issue need not necessarily terminate an action in order to be controlling . . . . Whether an issue of law is control usually 'hinges upon its potential to have some impact on the course of the litigation.'" *United States v. La. Generating L.L.C.*, Civil Action No. 09-100-JJB, 2012 WL 4588437, at *1 (M.D. La. Oct. 2, 2012) (citations omitted). A substantial ground for difference of opinion "usually only arises out of a genuine doubt as to the correct applicable legal standard relied on in the order." *Property One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 182–83 (M.D. La. 2011).

In this case, the question certified for appeal is whether the defendants waived immunity for the plaintiff's FMLA claim by removing the case to federal court even though the FMLA claim was added after removal. The Court finds that resolution of this issue will have some impact on the course of the litigation because it will affect the scope and extent of discovery in this matter and may prevent any further litigation of the plaintiff's FMLA claim. Additionally, as mentioned in this Court's ruling on the defendants' motion to dismiss, there is genuine doubt as to the Fifth Circuit's application of the waiver-by-removal doctrine to post-removal claims. *Ruling* 3, Doc. 14 (relying on the Ninth and Eleventh Circuits' standards and noting that the "Fifth Circuit has not explicitly addressed this issue"). As previously noted, resolution of this issue may obviate the need for additional depositions and some motion practice.[1] Therefore, the Court finds the interlocutory

---

[1] The Court disagrees with the plaintiff's characterization of his FMLA claim as "so related to his Title VII claims, [that] it will not obviate the need for motions in limine." *Pl.'s Opp'n* 4, Doc. 17. According to the plaintiff's complaint, he was "discriminated against by his employer LCIW by denying him a promotion based on his *race* and *age*." *First Am. Compl.* ¶ 3, Doc. 5 (emphasis added). The factual basis for the plaintiff's FMLA claim, however, is distinct—

decision involves a controlling question of law about which there is a substantial ground for difference of opinion, and that an interlocutory appeal may materially advance the ultimate termination of the litigation. Accordingly, the defendants' Motion for Leave to Appeal an Interlocutory Order (Doc. 15) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on May 2, 2016.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

"Because of the Plaintiff's [FMLA] usage, Jackson was denied a previously planned, requested and approved vacation on January 8, 2015 by Major Miles." *Id.* at ¶ 10.