UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FREDDIE JACKSON

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS,
ET AL.

CIVIL ACTION

NO. 15-490-JJB-RLB

## RULING

This matter is before the Court on two motions. The first is a Motion for Reconsideration (Doc. 25) brought by the defendants, the Louisiana Department of Public Safety and Corrections and the Louisiana Correctional Institute for Women (the "defendants"). The plaintiff, Freddie Jackson, filed an opposition (Doc. 27). The second is an uncontested[1] Motion to Stay Deadlines (Doc. 24) brought by the defendants. Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the defendants' Motion for Reconsideration (Doc. 25) is **DENIED**. Accordingly, the defendants' Motion to Stay Deadlines (Doc. 24) is **DENIED as moot**.

The plaintiff filed suit in state court alleging a claim under Title VII. *Pet. for Damages* 1, Doc. 1-1. The defendants removed the suit to federal court, and subsequently the plaintiff amended his complaint to allege a claim under the Family and Medical Leave Act ("FMLA"). *Notice of Removal*, Doc. 1; *First Am. Compl.* ¶ 10, Doc. 5. The defendants then filed a motion to dismiss the FMLA claim for lack of subject matter jurisdiction, which this Court denied finding that the defendants waived sovereign immunity as to the entire case regardless of whether a claim was asserted post-removal. *Ruling*, Doc. 14.

---

[1] "Counsel for Plaintiff in this matter has been contacted regarding this motion and has provided that he has no objection to this motion." *Defs.' Supp. Mem. to Mot. to Stay* 2, Doc. 24-1.

1

On May 2, 2016, this Court granted the defendants' motion for leave to file an interlocutory appeal. *Ruling* 2, Doc. 22 (noting that "there is genuine doubt as to the Fifth Circuit's application of the waiver-by-removal doctrine to post-removal claims"). The defendants then timely filed a Notice of Appeal. *Notice of Interlocutory Appeal*, Doc. 23. On June 24, 2016, the Fifth Circuit dismissed the defendants' appeal for lack of subject matter jurisdiction. *See Fifth Circuit J.*, Doc. 26. The Fifth Circuit pointed out that the defendants incorrectly filed a notice of appeal, instead of petition for permission to appeal, as required by Federal Rule of Appellate Procedure 5. *Id.* at 2–3. Moreover, "the notice contains none of the required items listed in Rule 5 [and] [a] notice of appeal cannot be treated as a Rule 5 petition." *Id.* at 3.

For the reasons stated in the plaintiff's opposition (Doc. 27), the defendants' Motion for Reconsideration (Doc. 25) is **DENIED**. Specifically, the Court does not believe that the defendants should receive a second chance at their appeal when the Federal Rules of Appellate Procedure so clearly set forth the required procedural mechanism and substantive requirements for such a discretionary appeal. Because the defendants no longer have an appeal pending before the Fifth Circuit, the Motion to Stay Deadlines (Doc. 24) pending such an appeal is **DENIED as moot**.

Signed in Baton Rouge, Louisiana, on July 11, 2016.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**